## MOORE vs. THE STATE.

1. Under an indictment for failing and neglecting to keep in repair a certain turnpike road, which defendant and another were authorized by private act of the Legislature to construct, the court cannot take judicial notice of the charter if it is not set out, but must look only to the allegations of the indictment; and if it alleges that the defendant alone accepted the charter, and erected toll gates and took toll by its authority, but does not allege that the charter authorized him to accept alone, or required him to keep the road in repair, it is fatally defective on demurrer.—Code, § 3501.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. JOHN E. MOORE.

The facts of the case will be readily understood from the opinion.

DAVID P. LEWIS, for the appellant.

M. A. BALDWIN, Attorney General, contra.

CHILTON, C. J.—The court below overruled a demurrer which was interposed to the indictment, and the questions for our examination arise upon its sufficiency.

It avers, in substance, that by an act of the Legislature of this State, passed on the 3d day of February, 1846, the defendant Moore, and one David G. Ligon, were authorized to turnpike a certain road which is described,—that said Moore accepted the provisions of said act, and in pursuance of the authority thereby conferred, did erect gates, and charge toll of persons passing thereon from the 1st March, 1838, until the finding of the indictment; that said Moore from the 1st day of March, 1853, until the finding of the indictment, did fail and neglect to keep said turnpike road in repair, &c., but suffered a section of it, which is described in the indictment, to remain uncleared, out of repair, and not in the condition required by their charter, for the space of ten days at one time, to-wit, between the 1st of March, 1853, and the finding of the indictment, not being hindered by high water, bad weather, or other good and sufficient cause, &c.

It is needless to inquire whether this indictment could be supported, according to the rules of the common law, the Code having made material changes as to the form required, and by this we must be governed. Section 3501 declares, " that the indictment must contain—1st, the name of this State, the county, court, and term in which it is preferred ; 2d, a statement of the facts constituting the offence, in ordinary and concise language, without prolixity or repetition ; *and in such a manner as to enable a person of common understanding to know what was intended"*, &c. Does the indictment before us conform to these requisitions ? As to the first, it is conceded that it does ; but it ,is insisted that it does not as to the second, and we are of this opinion. The charter is not set out, and being a private act, we cannot take judicial notice of it. The indictment, then, is not aided by the charter, but must rest upon its own averments. It fails to charge that it was made the duty of Moore by the charter, to keep the road, &c., in repair. The charter, moreover, was to Moore and Ligon, and the indictment shows that Moore alone accepted ; but there is no averment that the charter authorized him alone to accept. It is said, he erected gates by authority of the charter, and has taken toll, &c. ; but this is a legal conclusion in the absence of the facts, for the court might draw a very different conclusion as to the question of power or authority had that portion of the charter been set out. Besides, it does not follow from this that Moore was bound by the charter to repair. This must be shown by the averments. 5 Bur. 2700 ; 2 Saund. 158 n. (9) ; 3 Ch. Cr. L. 571 ; 8 Wend. 214.

Judgment reversed, and cause remanded.